IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Matthew L. Hill,**

    **Petitioner,**

**v.**                                    **Case No. 2:07-cv-539**

**Michael Sheets,**                **Judge Michael H. Watson**

    **Respondent.**

## OPINION AND ORDER

On July 3, 2008, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus conditionally be granted on claim one, in which petitioner asserts that his sentence violates *Blakely v. Washington*, 542 U.S. 296 (2004), that petitioner's sentence be vacated and petitioner released from incarceration unless the State re-sentences him within sixty (60) days. The Magistrate Judge further recommended that claim two, petitioner's sole remaining claim for relief, be dismissed.

Although the parties explicitly were advised of the right to object to the Magistrate Judge's *Report and Recommendation*, and of the consequences of failing to do so, petitioner has filed no objections.[1]

Respondent, however, has filed objections to the Magistrate Judge's *Report and Recommendation*. Respondent objects solely to the Magistrate Judge's conclusion that petitioner established cause for the procedural default of his *Blakely* claim and the

---

[1] In a footnote, respondent refers to objections of the petitioner, *see Respondent's Objections*; however, the docket does not indicate that petitioner has filed any objections.

Magistrate Judge's recommendation that the petition for a writ of habeas corpus conditionally be granted on such claim.

For the reasons that follow, respondent's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. Claim two is **DISMISSED**. The petition for a writ of habeas corpus conditionally is **GRANTED** on claim one. Petitioner's sentence is **VACATED**, and petitioner shall be released from incarceration unless the State re-sentences him within sixty (60) days.

Respondent again argues that petitioner cannot establish the ineffective assistance of appellate counsel as cause for the procedural default of petitioner's *Blakely* claim because the trial court justified imposition of maximum and consecutive sentences based solely upon petitioner's prior sentence and facts either admitted by petitioner or reflected in the jury's verdict and because, at the time petitioner filed his appellate brief, the Ohio Fifth District Court of Appeals had concluded that *Blakely* did not apply to Ohio's sentencing statutes. Respondent also again argues that petitioner has failed to establish prejudice under *Strickland v. Washington*, 466 U.S. 668 (1984), because under *State v. Foster*, 109 Ohio St.3d 1 (2006), the trial court is free to re-impose the same sentence upon remand. Finally, referring to *Cobbin v. Hudson*, 2008 WL 552484 (N.D. Ohio February 26, 2008), respondent argues that habeas corpus relief is not warranted because no clearly established federal law of the United States Supreme Court mandates that *Blakely* applies when a trial court imposes consecutive sentences based upon judicial fact finding.

Respondent's arguments are not persuasive. Contrary to respondent's argument here, the record indicates the trial court justified imposition of sentence based upon

2

petitioner's prior record as well as factual findings neither admitted by the defendant nor reflected in the jury's verdict, for example, that petitioner had shown no genuine remorse, failed to acknowledged a pattern of alcohol and drug abuse as it related to the offenses, had not learned from his past experiences in the criminal system, and that maximum sentences were necessary to protect society given, *inter alia*, petitioner's nature, and because petitioner possessed the greatest likelihood of committing further crimes of a similar nature. *See Sentencing Transcript, Exhibit B to Motion in Opposition; Entry of Judgment, Exhibit 3 to Return of Writ.* As noted by the Magistrate Judge, petitioner was sentenced after *Blakely* and his appeal remained pending after the Ohio Supreme Court issued its decision in *Foster*, invalidating portions of Ohio's sentencing scheme as unconstitutional under *Blakely*. Thus, the two-prong test of *Strickland* has been met based upon appellate counsel's failure to raise a Blakely claim on direct appeal. Further, this Court remains unpersuaded that petitioner has failed to establish prejudice simply because the state trial court may re-impose the same sentence upon remand.

> The flaw in this reasoning is that it equates a possibility of no actual prejudice in terms of the eventual sentence received with an actuality of no prejudice resulting from a constitutional error.... [S]peculation that a judge might repeat his or her sentence without explicit factfinding does not render an error harmless as a certainty. The former scenario involves the realities of state law-either it affords an avenue to render the error harmless or it does not-while the latter presupposes a reality in which but one outcome is certain. But because more than one outcome is possible upon re-sentencing, basing harmlessness [or lack of prejudice] on an assumed certainty is flawed. It converts the concept of harmless error in this context into a doctrine of *always* harmless error. Such conversion is especially dangerous when, as here, the possibility of a different sentence must logically preclude any habeas court from saying for a *certainty* that the error is harmless.

3

*Villlagarcia v. Warden, Noble Correctional Institution*, 2007 WL 268248 (S.D. Ohio March 30, 2007). The Court need not address respondent's argument as it relates to *Cobbin v. Hudson, supra*, and *Blakely's* alleged nonapplication to imposition of consecutive sentences since the trial court in this case imposed maximum as well as consecutive sentences based upon prohibited judicial fact finding.

Pursuant to 28 U.S.C. §626(b)(1) this Court has conducted a *de novo* review of the *Report and Recommendation*. This Court has carefully considered the entire record. For the foregoing reasons and for reasons detailed in the Magistrate Judge's *Report and Recommendation*, respondent's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. Claim two is **DISMISSED**. The petition for a writ of habeas corpus conditionally is **GRANTED** on claim one. Petitioner's sentence is **VACATED**, and petitioner shall be released from incarceration unless the State re-sentences him within sixty (60) days.

**IT IS SO ORDERED.**

Michael H. Watson, Judge
United States District Court